■ In the Matter of the Claim of JOHN T. BROWN, Respondent, v. INCORPORATED VILLAGE OF OLD BROOKVILLE et al., Appellants, and GLENWOOD HOOK & LADDER, ENGINE & HOSE CO., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Incorporated Village of Old Brookville and its carrier from a decision and award for reduced earnings. Claimant, now deceased, began to suffer precordial pain on August 28, 1956 after directing traffic as fire policeman for 2½ hours for the volunteer fire company with which he served. On August 31 he went to a physician who diagnosed a myocardial infarction. On the next day claimant was admitted to a hospital and remained there until October 14, 1956. In November, 1956 claimant, who had been a Workmen's Compensation Referee since 1945, returned to his work as a Referee and continued in such employment until his discharge in February, 1961. After February, 1961 claimant engaged in the private practice of law. While there is medical testimony as to a permanent moderate partial disability, we find the record as presently developed completely devoid of any evidence that such disability resulted in claimant's reduction in earnings. Lower earnings must be attributable to the injury rather than to other factors (*Matter of Haynos* v. *American Brass Co.*, 8 A D 2d 870). All that is present is the fact that after more than 15 years' service claimant was discharged as a Referee. He testified that he did not know whether the discharge had anything to do with his coronary condition and the implication from his answers is that it did not. There is no evidence that his ability to act as a Referee was in any way impaired by his condition, and the medical testimony indicates that his disability did not interfere with his work for the State. Further, while on his return to private practice claimant's income was reduced, there is no evidence that this reduction was due to claimant's coronary condition. There is no evidence that his ability to function as a lawyer was adversely affected by his condition in any way. Accordingly, we do not reach the other issues presented in this appeal. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.